UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MAURICE DUDLEY,

                              Plaintiff,

-against-

VALERIE MEEKINS, CITY OF NEW YORK,
STATE OF NEW YORK,[1]

                              Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-01851 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Maurice Dudley brings this action under 42 U.S.C. §§ 1983 and 1985 seeking damages from alleged violations of his constitutional rights by Defendants Valerie Meekins, City of New York (the "City"), and State of New York (the "State"). (See Compl.) Plaintiff also moves to proceed in forma pauperis under 28 U.S.C. § 1915. (Pl. Mot. (Dkt. 2).) Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons discussed below, his claims against Defendants are DISMISSED.

**I.      BACKGROUND**

Plaintiff previously has filed several actions in this court against Valerie Meekins (a correction officer with the New York City Department of Correction and the mother of his children), the City, and various city agencies and officials, alleging false arrest and imprisonment, malicious prosecution, and excessive force arising from arrests by City police officers. See Dudley v. Pendagrass, No. 06-CV-0216 (RJD), 2008 WL 4790489 (E.D.N.Y. Oct.

---

[1] Plaintiff styles his Complaint as being against "Valerie Meekins, City of New York, State of New York, et, Al.[sic]. (Compl. (Dkt. 1) at 1 (emphasis added).) Despite Plaintiff's use of "et. al.," however, the only defendants listed or referred to in the Complaint are those three named Defendants in the case caption.

1

31, 2008) (granting summary judgment for defendants on plaintiff's § 1983 claims); Dudley v. Torres, No. 05-CV-1729 (RJD), 2008 WL 2149603 (E.D.N.Y. May 21, 2008) (granting summary judgment for defendant on plaintiff's § 1983 claims); see also Dudley v. N.Y. State, No. 01-CV-8536 (RJD) (E.D.N.Y. 2001); Dudley v. Meekins, No. 98-CV-3237 (RJD) (E.D.N.Y. 1998); Dudley v. Safir, No. 98-CV-4178 (RR) (E.D.N.Y. 1998); Dudley v. N.Y. City Dep't of Corr., No. 98-CV-5215 (RJD) (E.D.N.Y. 1998).

As in Plaintiff's prior cases, this action arises from an ongoing domestic conflict between Plaintiff and Meekins. Plaintiff alleges that Meekins has instigated his arrest on numerous occasions. See Dudley, 2008 WL 4790489, at *1-3 (outlining history of disputes between Plaintiff and Meekins). Plaintiff now alleges that Meekins, relying on false allegations, filed a "family offense petition" against him in Family Court on December 22, 2011. (See Compl. at 7.) Although the specific details are not precisely clear from Plaintiff's Complaint, it appears that as a result of Meekins's petition, an Order of Protection subsequently was issued against Plaintiff. (Id. at 7-9.) Plaintiff seeks monetary damages and injunctive relief.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action filed by a plaintiff proceeding in forma pauperis where it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The court notes that pro se filings are construed liberally and are interpreted to raise the strongest arguments they suggest. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments

that they suggest"). This is especially true when such pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Nevertheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). At the pleadings stage, a court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1985. To state a claim under § 1983, a plaintiff must allege that: (1) "the conduct complained of [was] committed by a person acting under color of state law," and (2) "the conduct complained of . . . deprived [Plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 does not create independent substantive rights; rather, it is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

### A. Plaintiff's Claims Against New York State

The Eleventh Amendment of the United State Constitution bars suits in federal court by private parties against a State or one of its agencies, absent consent to such a suit or an express statutory waiver of immunity. Lapides v. Bd. of Regents of Univ. of Ga., 535 U.S. 613, 618-19

3

(2002); Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 54 (1996); Leogrande v. N.Y., No. 08-CV-3088 (JFB), 2013 WL 1283392, at *11 (E.D.N.Y. Mar. 29, 2013). New York "has not waived its immunicty as to suits seeking either monetary or injunctive relief in federal court," Goonewardena v. N.Y., 475 F. Supp. 2d. 310, 322 (S.D.N.Y 2007) (citation omitted), nor has Congress abrogated such immunity. Accordingly, New York State is entitled to Eleventh Amendment immunity and Plaintiff's claims against it are barred and must be dismissed.

### B. Plaintiff's Claim Against Meekins

It is well settled that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'" (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974))). As a result, for Plaintiff to advance a § 1983 claim, he must be able to establish that the conduct of individual Defendant Meekins is "fairly attributable to the State." Sullivan, 526 U.S. at 50. "Generally, a public employee acts under color of state law when he acts in his official capacity or exercises his responsibilities pursuant to state law." Kearney v. City of Bridgeport Police Dep't, 573 F.Supp.2d 562, 572 (D. Conn. 2008) (citing West v. Atkins, 487 U.S. 42, 50 (1988)).

Here, the allegations against Meekins arise from Family Court proceedings and not from Meekins's employment as a correction officer. Indeed, there is no allegation that Meekins was acting in her official capacity or was exercising her responsibilities pursuant to state law as part of the alleged conduct, and her conduct as a private individual cannot be fairly attributed to the

4

State. See id.; Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 230 (2d Cir. 2004) ("mere employment by the state does not mean that the employee's every act can properly be characterized as state action"); Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1994) ("'acts of officers in the ambit of their personal pursuits are plainly excluded'") (citation omitted). As a result, Plaintiff's Complaint lacks factual allegations that could plausibly support a conclusion that Meekins's actions could fairly be attributed to the State.

An individual whose conduct is not "fairly attributable to the State" nonetheless may be liable under § 1983 if he or she has conspired or engaged in joint activity with state actors. See Abdullahi v. Pfizer, Inc., 562 F.3d 163, 188 (2d Cir. 2009) ("Under § 1983, state action may be found when there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quotation marks and citations omitted)). To state such a conspiracy claim, a plaintiff "must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir. 1992). Such a claim, however, requires factual allegations of such a conspiracy. See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."); cf. Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc., 850 F.2d 876, 880-81 (2d Cir. 1988) (holding that complaint alleged sufficient facts to support an inference of private action under color of state law, where complaint alleged, among other things, that the private actor had hired private investigators and placed plaintiff under surveillance with knowledge and consent of state-actor New York City Police Department).

Here, Plaintiff's Complaint contains nothing more than vague and general allegations that Meekins conspired with unidentified public officials to deprive Plaintiff of his constitutional rights. (See Compl. at 13, 14, 31.) These merely conclusory allegations cannot sustain Plaintiff's claims under § 1983.

Similarly, Plaintiff's claim against Meekins also fails under § 1985, which allows for redress of conspiracies to interfere with civil rights. To properly allege such an action, Plaintiff "must claim" and ultimately prove four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Emmons v. City Univ. of N.Y., 715 F. Supp. 2d 394, 416 (E.D.N.Y. 2010) (citing United Bhd. of Carpenters v. Scott, 463 U.S. 825, 828-29 (1983)). As discussed above regarding § 1983, Plaintiff here fails to allege any conspiracy beyond unsupported conclusory statements. (See Compl. at 13, 14, 31.) Based on Plaintiff's lengthy but substantively sparse allegations, there can be no basis for finding that there existed a conspiracy of any kind.

### C.   Plaintiff's Claims Against the City

Plaintiff also brings claims against the City of New York. In order to sustain a claim under § 1983 against a municipal defendant such as the City, a plaintiff must show the existence of an officially-adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional

activity is not sufficient to impose liability on a municipality unless there exists proof that the incident was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Okl. City v. Tuttle, 471 U.S. 808, 823-24 (1985).

Here, Plaintiff fails to even allege—and nothing in his Complaint suggests—that any of the allegedly wrongful acts were attributable to a municipal policy or custom. Plaintiff asserts generalized and unsubstantiated conspiracy or facilitation by the City—that it "has continued to allow . . . Meekins and the Brooklyn Family court to file false and fabricated information [about Plaintiff]" (Compl. at 18) and "failed to take corrective action to properly train, supervise and/or discipline their employees and/or representatives" (id.)—but these conclusory claims are devoid of specific factual allegations and therefore cannot sustain Plaintiff's claims against the City. Plaintiff's Complaint cannot reasonably be interpreted to allege facts sufficient to show that any alleged injury was caused by any policy or custom of the City. Accordingly, there does not appear to be any basis in Plaintiff's allegations for suing the City of New York—and even if any such basis existed, Plaintiff has failed to plead it.

Plaintiff similarly fails to state a claim against the City upon which relief can be granted pursuant to § 1985. As discussed above, Plaintiff fails to make factual allegations sufficient to demonstrate—or even suggest—a conspiracy involving the City or any other Defendant.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is DISMISSED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 16, 2013

NICHOLAS G. GARAUFIS
United States District Judge